IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AMERICA FIRST LLOYD'S           §
INSURANCE COMPANY,              §
                                §
        Plaintiff-counterdefendant,   §
                                §  Civil Action No. 3:13-CV-0534-D
VS.                             §
                                §
GLOBAL EXPERIENCE              §
SPECIALISTS, INC. f/k/a GES    §
EXPOSITION SERVICES, INC.,     §
                                §
        Defendant-counterplaintiff.   §

MEMORANDUM OPINION
AND ORDER

In this insurance coverage declaratory judgment action, defendant-counterplaintiff
Global Experience Specialists, Inc. f/k/a GES Exposition Services, Inc. ("GES") moves for
leave to bring a third-party action against Brian Cree & Associates, Inc. d/b/a Southwest
Displays & Events, Inc. ("Southwest"), contending that if GES is not covered under the
policy in question, Southwest is liable to GES under contractual obligations to provide
insurance coverage for, and indemnify, GES. For the following reasons, the court grants the
motion.

I

This is a declaratory judgment action brought by plaintiff-counterdefendant America
First Lloyd's Insurance Company ("America First") against GES. America First alleges that,
under a commercial package policy ("Policy") issued to Southwest—its named insured—it
provided a defense to GES, as an additional insured, under a reservation of rights in a state-

court personal injury lawsuit litigated in Illinois (the "Purnell Action").  Following an

adverse verdict in the Purnell Action, America First now seeks a declaratory judgment that

it does not have a duty to indemnify GES for any damages awarded against GES in the

Purnell Action.

GES moves under Fed. R. Civ. P. 14(a) and 19(a) for leave to bring a third-party

action against Southwest asserting claims for declaratory judgment, breach of contract, and

indemnity.[1]   GES maintains that it served as a contractor for the Association for

Manufacturing Technology ("AMT") trade show in Chicago; that Southwest was responsible

for arranging services provided to a particular exhibitor; and that William Purnell ("Purnell"),

an electrician, was injured while moving materials that were part of the exhibitor's display

booth.  GES contends that, before Purnell was injured, Southwest contracted with AMT and

GES to indemnify GES and to obtain insurance coverage for GES, and that GES was made

an additional insured under the Policy and under an umbrella policy issued by America First

to Southwest.  GES contends that, although America First defended GES in the Purnell

Action under a reservation of rights, it notified GES following the adverse verdict that it

would no longer defend, and will not indemnify, GES, and GES has now settled the Purnell

Action for $1.1 million, without any contribution from America First.

GES posits that Southwest is a proper third-party defendant because Southwest

contracted to obtain adequate insurance and to indemnify GES for any losses arising from

---

[1]In its prayer for relief, GES asks that the court "enter an order joining [Southwest]
as a party and third-party defendant to this case."  GES Mot. at 5.

Southwest's participation in the AMT show, and Southwest is therefore liable to GES for any portion of the underlying damages and defense costs that America First is not obligated to pay. GES therefore contends that Southwest may be liable for all or part of the damages that are at issue in the Purnell Action and that are the bases for America First's action against GES. GES also maintains that, to the extent any of the damages or defense costs that GES incurred in the Purnell Action are not covered by America First, Southwest is liable to GES because it breached its contractual obligation to provide insurance and its contractual obligation to indemnify GES for losses arising from Southwest's participation in the AMT show.

America First opposes the motion on three conclusory grounds, none of which is supported by case law or other authorities: first, that before GES is permitted to bring a third-party action against Southwest, it should be required to demonstrate that it has a viable claim against Southwest; second, that even if orders entered by the state court in the Purnell Action dismissing GES's claims against Southwest did not eliminate GES's proposed indemnity claim against Southwest, the appropriate forum to bring the action is the court in which the Purnell Action was brought; and, third, that GES's proposed contract claim against Southwest involves independent issues to those in this litigation because the issues in this lawsuit are not whether GES was an additional insured under the Policy, and, if so, whether under the Policy America First is obligated to pay part of the judgment in the Purnell Action, and because the issues in GES's contract claim against Southwest will primarily involve an interpretation of the contract between AMT and Southwest.

II

Under Rule 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  When the defending party seeks to do so "more than 14 days after serving its original answer," it must obtain leave of court to file the third-party complaint.  The policy underlying Rule 14 is to promote judicial economy by eliminating circuitous actions.  *See* 6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1442, at 339 (3d ed. 2010).  Because Rule 14 is "remedial in character, it should be construed liberally."  *Id.* at 344.

GES moves for leave to bring a third-party action against Southwest so that, if America First establishes that GES is not covered under the Policy, GES can hold Southwest liable for the costs that GES incurred (absent such coverage) to defend the Purnell Action and pay the settlement amount.[2]  GES relies on the premise that Southwest contracted to

---

[2]GES seeks the following relief from Southwest in the prayer contained in the proposed third-party complaint:

> (a) a declaration that Southwest is liable to GES for the defense expenses and indemnity amounts it incurred with respect to the Purnell Action which America First refused to pay;
>
> (b) a declaration that [Southwest] breached the GES Agreement and the AMT Agreement by failing to procure insurance coverage that would insure GES against the Purnell Action;
>
> (c) the amount of defense expenses incurred by GES in the Purnell Action which were not paid or reimbursed by America First;
>
> (d) reimbursement to GES for its $1.1 million post-judgment

provide insurance coverage and to indemnify GES for any losses arising from Southwest's participation in the AMT show.

America First advances three conclusory arguments in opposition to GES's motion, none of which is supported by case law or other authorities. First, America First contends that GES must demonstrate that it has a viable claim against Southwest. Under Rule 14(a)(1), however, GES is merely required to show that Southwest may be liable to GES for all or part of America First's claim against GES. The declaratory judgment that America First seeks will, if granted, result in GES's being held liable for any non-covered defense costs incurred in the Purnell Action and in GES's paying $1.1 million to settle the Purnell Action. GES has established that Southwest may be liable based on contractual agreements to provide insurance coverage for GES and to indemnify GES. GES has therefore met its obligation to demonstrate that Southwest may be liable to GES for all or part of America First's claim against GES.[3]

---

settlement with Purnell in the Purnell Action;

(e) attorneys' fees and costs incurred by GES in this action;

(f) such other and further relief as the Court deems just and appropriate.

Proposed 3d Party Compl. at 8-9.

[3]Although America First does not advance this contention, the fact that America First seeks declaratory relief does not undermine GES's motion. *See, e.g., United of Omaha Life Ins. Co. v. Reed*, 649 F. Supp. 837, 841-42 (D. Kan. 1986) (rejecting assertion that third-party claim was not proper because initial action sought declaratory judgment and third-party claim sought monetary damages, where third-party complaint sought to hold third-party defendant

Second, America First contends that the appropriate forum for GES's action is the court in which the Purnell Action is pending.[4]  It does not explain why this is an impediment to granting GES leave to file the third-party action against Southwest, and the court discerns no basis to conclude that it does where, as here, GES has otherwise satisfied the requirements of Rule 14(a)(1).

Third, America First objects on the ground that GES's proposed contract claim against Southwest involves independent issues to those in the litigation.  It contends that the issues in this lawsuit are not whether GES was an additional insured under the Policy, and, if so, whether under the Policy America First is obligated to pay part of the judgment in the Purnell Action.  America First posits that the issues in GES's contract claim against Southwest will primarily involve an interpretation of the contract between AMT and Southwest.

It is of course true that impleader is only appropriate "in cases where the third party's liability [is] in some way derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967); *see also Am. Express Travel Related Servs. Co. v. Beaumont*, 2002 WL 31298867, at *2 (N.D. Tex. Oct. 9, 2002) (Buchmeyer, J.) ("[T]he procedural device of impleader [may only be used] when the third party

─────────────

responsible for any liability that third-party plaintiff would incur if court declared that third-party plaintiff had no coverage under policy) (citing, *inter alia*, *Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89 (5th Cir.1956)).

[4]The court will assume that this is a separate opposition ground, although it is asserted in connection with America First's initial contention and is phrased as if part of a single ground.

defendant's potential liability is dependent upon the outcome of the main claim." (second

alteration in original) (quoting *Se. Mortg. Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975)).

In other words, "the third party must necessarily be liable over to the defendant for all or part

of the plaintiff's recovery." *Joe Grasso & Son,* 380 F.2d at 751.  Rule 14 is not "a vehicle

for the trying together of separate and distinct causes of action, or for the introduction, into

the main action, of several parallel, but independent, actions, or separate and independent

claims[.]" *Wells Fargo Bank, N.A. v. Pettus*, 2011 WL 3586405, at *2 (N.D. Tex. Aug. 16,

2011) (Fitzwater, C.J.) (quoting *Majors v. Am. Nat'l Bank of Huntsville*, 426 F.2d 566, 568

(5th Cir. 1970)).

> The crucial characteristic of a Rule 14 claim is that defendant is
> attempting to transfer to the third-party defendant the liability
> asserted against [him] by the original plaintiff.  The mere fact
> that the alleged third-party claim arises from the same
> transaction or set of facts as the original claim is not enough.

6 Wright & Miller, *supra*, § 1446, at 431-34.

In the present case, GES *is* attempting to transfer to Southwest liability that GES will

incur if America First obtains the declaratory relief it seeks.  America First maintains for

various reasons that GES is not entitled under the Policy to indemnity in the Purnell Action.

The consequence of such a ruling would be that GES is liable for the payment of $1.1 million

to settle its liability in the Purnell Action.  GES posits that, if it is not entitled to coverage

under the Policy, Southwest is liable to GES because Southwest contracted to provide

insurance coverage and to indemnify GES for any losses arising from Southwest's

participation in the AMT show.  The court holds that Southwest's liability to GES is in some

way derivative of the outcome of America First's declaratory judgment action against GES.

\* \* \*

GES's August 8, 2013 motion to join Southwest is granted.  It must file its third-party complaint within 14 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

November 21, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE